RONALD RUS, #67369
rrus@rusmiliband.com
STEPHEN R. COOK, #204446
scook@rusmiliband.com
RUS, MILIBAND & SMITH
A Professional Corporation
Seventh Floor
2211 Michelson Drive
Irvine, California 92612
Telephone: (949) 752-7100
Facsimile: (949) 252-1514

Attorneys for Richard Natland and Karen
Natland, individually and as Trustees of
the Richard K. Natland and Karen F.
Natland Revocable Inter-vivos Trust u/d/t
March 2, 1990

## UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| RICHARD K. NATLAND and KAREN F. NATLAND, individually and as Trustees of the RICHARD K. NATLAND AND KAREN F. NATLAND REVOCABLE INTER-VIVOS TRUST U/D/T MARCH 2, 1990,<br><br>Plaintiffs,<br><br>vs.<br><br>ROBERT MCGOWEN, an individual, MCGOWEN, HURST, CLARK & SMITH, P.C., an Iowa professional corporation,<br><br>Defendants. | CASE NO. **SACV 13 - 00495 JST (JPRx)**<br><br>COMPLAINT FOR:<br><br>1) PROFESSIONAL NEGLIGENCE– ACCOUNTING MALPRACTICE<br>2) BREACH OF FIDUCIARY DUTY<br>3) NEGLIGENT MISREPRESENTATION<br>4) FRAUDULENT CONCEALMENT<br>5) CONSTRUCTIVE FRAUD<br>6) UNFAIR COMPETITION PURSUANT TO BUS. & PROF. CODE §§ 17200, *ET SEQ.*<br>7) FINANCIAL ELDER ABUSE<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Richard K. Natland and Karen F. Natland, individually and as Trustees of the Richard K. Natland and Karen F. Natland Revocable Inter-vivos Trust u/d/t March 2, 1990 ("Natland Family Trust") (collectively, "Plaintiffs" or the "Natlands") hereby complain and allege as follows:

1

## INTRODUCTION

2      1.     Plaintiff Richard K. Natland has been a licensed California architect for
3  nearly 45 years.  At 71 years-old and after a long and distinguished career designing
4  homes throughout Orange County, California, Mr. Natland had hoped to begin
5  slowing down his practice and, ultimately, to retire with his wife.  A lifetime of
6  prudent saving and conservative investments allowed the Natlands to look forward
7  to retirement and the ability to continue to provide financial assistance to their two
8  disabled daughters and their grandchildren.

9      2.     The Natlands' retirement goals and objectives were shattered by the
10  financially ruinous, deceptive and fraudulent behavior of their formerly trusted
11  accountants – Defendants Robert McGowen ("McGowen") and his firm, McGowen,
12  Hurst, Clark & Smith, P.C. (the "McGowen Firm") (collectively, "Defendants").
13  Using a combination of lies and strategic omissions, Defendants convinced the
14  Natlands to transfer their retirement savings into certain purportedly "safe" and
15  "insulated" investments that Defendants proclaimed to be ideally suited to the
16  Natlands' retirement objectives.

17      3.     Defendants leveraged the years-long accounting and financial
18  management relationship that Defendants carefully cultivated with the Natlands.
19  Defendants urged the Natlands to trust them and persisted with claims that their
20  investment recommendations had been carefully vetted, contained minimal risk, and
21  provided above-market returns.  McGowen even told the Natlands that he was
22  putting his own parents' money into one of these ill-fated investments, urging the
23  Natlands to do the same.  Ultimately, the Natlands sunk nearly two million dollars
24  into the investment "opportunities" peddled by Defendants.

25      4.     All of the investment "opportunities" that Defendants urged on the
26  Natlands were in entities affiliated with, owned, or controlled by an individual
27  named Jon Garnaas ("Garnaas").  Defendants did not disclose to the Natlands, and
28  the Natlands were unaware, that Garnaas was a long-time personal friend of

RUS, MILIBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 2211 MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL (949) 752-7100 • FAX (949) 252-1514

2
COMPLAINT

1  McGowen.  Further, Defendants failed to disclose and concealed from the Natlands
2  that Garnaas and his various businesses were long-time clients of McGowen and the
3  McGowen firm, and that McGowen was an investor and co-guarantor with Garnaas
4  in some of Garnaas' business ventures.

5      5.    Defendants' investment advice was not the independent, unbiased and
6  carefully considered recommendations that Defendants expected and believed they
7  were receiving.  Instead, Defendants' recommendations were motivated by
8  Defendants' personal and professional relationships with Garnaas and Garnaas'
9  businesses.  Defendants' recommendations were motivated by McGowen's personal
10 interest in providing funding for Garnaas' risky investments in which McGowen
11 himself was an investor.  Accordingly, Defendants leveraged their fiduciary
12 relationship with the Natlands, an elderly couple in far-away California, to separate
13 them from their retirement savings in order to provide Defendants' personal friend
14 and client with fresh cash infusions for his investment schemes, and to enhance
15 Defendants' own financial gain by propping-up one of their most significant clients
16 – Jon Garnaas.

17     6.    The outcome of Defendants' investment "opportunities" follows a
18 familiar pattern: Defendants' recommended investments failed, Garnaas declared
19 bankruptcy, and the Natlands (together with other investors) lost most of their
20 retirement savings.

21                            **PARTIES**

22     7.    Plaintiff Richard K. Natland is, and at all relevant times was, an
23 individual residing in the County of Orange, State of California.

24     8.    Plaintiff Karen F. Natland is, and at all relevant times was, an
25 individual residing in the County of Orange, State of California.

26     9.    Plaintiffs Richard K. Natland and Karen F. Natland are Trustees of the
27 Natland Family Trust, a revocable trust formed pursuant to the laws of the State of
28 / / /

RUS, MILIBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 2211 MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL (949) 752-7100 • FAX (949) 252-1514

1  California.  Mr. and Mrs. Natland bring this action in their individual capacities and

2  as Trustees of the Natland Trust.

3        10.    Plaintiffs are informed and believe, and on that basis allege, that

4  Defendant Robert McGowen is, and at all relevant times was, an individual residing

5  in the County of Dallas, State of Iowa.  Upon information and belief, McGowen is,

6  and at all relevant times was, a Certified Public Accountant ("CPA"), duly licensed

7  by the Iowa Accountancy Examining Board.

8        11.    Plaintiffs are informed and believe, and on that basis allege, that

9  Defendant McGowen, Hurst, Clark & Smith (the "McGowen Firm") is, and at all

10  relevant times was, a professional corporation duly organized and in existence under

11  the laws of the State of Iowa, and having its principal place of business in West Des

12  Moines, Iowa.  Upon information and belief, Defendant McGowen is the President

13  and majority shareholder of the McGowen Firm, and also holds himself out as the

14  "Managing Partner" of the McGowen Firm.  The McGowen Firm is in the business

15  of providing accounting, financial management and investment advisory services to

16  businesses and individuals.

17        12.    Plaintiffs are informed and believe, and on that basis allege, that at all

18  times relevant, Defendants McGowen and the McGowen Firm were and now are the

19  agents, servants, employees, partners, principals, representatives and/or alter egos of

20  each other and in doing the things alleged herein were acting within the course and

21  scope of their authority as such agents, servants, employees, partners, principals,

22  representatives and/or alter egos with the permission and consent of the remaining

23  defendants.

24  **JURISDICTION AND VENUE**

25        13.    This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

26  The matter in controversy exceeds, exclusive of interests and costs, the sum of

27  $75,000, and is between citizens of different states.

28  / / /

RUS, MILIBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 2211 MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL (949) 752-7100 • FAX (949) 252-1514

14.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(a).  A substantial part of the events and omissions giving rise to the claims occurred in this District.  During all relevant times, Defendants conducted substantial, continuous and systematic commercial activities in this District.  Defendants are residents of this District for venue purposes pursuant to 28 U.S.C. § 1391(c)(2) on the grounds that Defendants are subject to the personal jurisdiction of this District with respect to this action.

**FACTS**

**The Natlands Retain Defendants**

15.     In 1993, Richard K. Natland and Karen F. Natland, as Trustees of the Natland Trust, sold an investment property in Orange County, California.  The investment formed a substantial portion of the Natlands' retirement savings.  In order to defer recognition of the capital gains taxes that would otherwise have been due, the Natlands used the proceeds of the Orange County sale to purchase an apartment building in Iowa (the "Iowa apartments"), pursuant to 26 U.S.C. § 1031 (a "1031 exchange").  For fifteen years, the Natlands' investment in the Iowa apartments performed well and provided a steady flow of rental income.

16.     In or about 1995, the Natlands wished to engage an accountant to assist them with their investment accounting and tax issues.  In or about 1995, the Natlands were introduced to McGowen and the McGowen Firm.  Defendants offered to perform accounting services for the Natlands, including the preparation of the Natlands' California tax returns.  Over the next several years, Defendants actively solicited additional opportunities to perform services for the Natlands in California – including repeatedly offering to manage all of the Natlands' investments.  Defendants also sent to the Natlands, in California, yearly engagement agreements, which Defendants entered into in California.  For over 15 years, Defendants solicited from the Natlands, and agreed to provide to the Natlands, financial, investment and tax advice.  Defendants also sent engagement agreements

RUS, MILIBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 2211 MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL (949) 752-7100 • FAX (949) 252-1514

1  to the Natlands at their residence in California, which were entered into, at
2  Defendants' request, by the Natlands in California.  For over 15 years, Defendants
3  availed themselves of the opportunity to provide professional services to the
4  Natlands in California, provided tax and investment advice with respect to state and
5  federal laws, including California law, and prepared and filed the Natlands'
6  California tax returns.  For over 15 years, Defendants sent invoices to the Natlands
7  in California requesting payment for their services, which the Natlands paid in
8  California from funds located in California-based bank accounts.

9         17.    Upon information and belief, McGowen has registered with the
10  California Board of Accountancy to obtain public accounting practice privileges in
11  California, pursuant to California Business and Professions Code Sections 5096
12  through 5096.15.  Pursuant to California Business and Professions Code Section
13  5096(e)(1), McGowen agreed that he was subject to "personal and subject matter
14  jurisdiction and disciplinary authority of the board and the courts of [California]."
15  Upon information and belief, during the period of Defendants' engagement with the
16  Natlands, Defendants performed professional services for other clients located in
17  California.

18  **The Somerset Investment**

19         18.    Nearly from the start of their relationship, Defendants urged the
20  Natlands, incessantly, to allow Defendants to manage all of the Natlands'
21  investments.  Defendants assured the Natlands that they could provide professional,
22  unbiased financial management and investment advice that would be carefully
23  tailored to the Natlands' conservative risk profile and retirement objectives.

24         19.    Beginning in or about April 2006, McGowen began pressuring the
25  Natlands to sell their interest in the stable and consistently profitable Iowa
26  apartments.  McGowen urged another 1031 exchange, with the capital from the
27  Iowa apartments reinvested in a tenant-in-common interest in real estate that was
28  developed into an out-patient surgery center located in Somerset, Kentucky

RUS, MILIBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 2211 MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL (949) 752-7100 • FAX (949) 252-1514

("Somerset Investment").  McGowen recommended the Somerset Investment as "safe" and superior to the Natlands' Iowa apartments because it offered better returns.  Defendants never presented the Natlands with any other real property in which they could re-invest the proceeds from the Iowa apartments other than the Somerset Investment.

20.     Specifically, McGowen told the Natlands that they should purchase a tenant-in-common interest in the underlying real estate from LB Properties XXX, LLC ("LB Properties"), as well as an interest in LB Properties itself.  Upon information and belief, LB Properties was owned by Ladco Development, Inc., one of Jon Garnaas' companies; Garnaas was also the Manager of LB Properties.

21.     Defendants did not disclose to the Natlands prior to consummation of the Somerset Investment that Defendants had a long-standing relationship with Jon Garnaas and Garnaas' companies; that Jon Garnaas was Defendants' client; that Garnaas was a personal friend of McGowen; and that McGowen had invested his personal funds in one or more of Jon Garnaas' businesses.

22.     Defendants also failed to disclose to the Natlands that the Somerset Investment was a risky and speculative business venture.  Defendants further failed to disclose to the Natlands that they would be the only equity investor in the venture.

23.     Finally, Defendants failed to disclose to the Natlands that the Natlands' purchase of a tenant-in-common interest in the underlying real estate, as Defendants had recommended, would breach LB Properties' loan covenants with Monticello Bank ("Bank"), which held a mortgage on 100% of the underlying real estate.  Upon information and belief, on or about May 12, 2008, Jon Garnaas, as Manager of LB Properties, executed a Note and Security Agreement with the Bank in which LB Properties agreed that it would not "sell, convey, lease or otherwise transfer the collateral or any part of it without first obtaining written consent from [the Bank]."

24.     On September 23, 2008, acting in reliance upon Defendants' representations and unaware of Defendants' material omissions, the Natlands

RUS, MILIBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 2211 MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL (949) 752-7100 • FAX (949) 252-1514

1  transferred $704,200 in cash – which included the capital they had originally

2  invested in the Iowa apartments – to LB Properties, in exchange for an undivided

3  62.15% interest in the real estate described as Lot 3 of Medpark West Subdivision,

4  located in Somerset (Pulaski County), Kentucky (the "Property"), and a 20.89%

5  interest in LB Properties itself.

6       25.    The Natlands first learned of LB Properties' breach of its loan

7  covenants with the Bank in or about October 2011.  In October 2011, the Bank

8  threatened default on LB Properties' mortgage because of LB Properties' sale of the

9  tenant-in-common interest to the Natlands.  Thereafter, the Natlands learned of

10  Defendants' personal and professional relationships with Garnaas and Garnaas'

11  companies.  After August 2011, LB Properties stopped making its quarterly

12  distributions to investors, including the Natlands.  On November 30, 2011, Jon

13  Garnaas filed personal bankruptcy.

14       26.    On April 18, 2012, the Bank filed a complaint in Pulaski (Kentucky)

15  Circuit Court against, *inter alia*, LB Properties and the Natland Family Trust.  The

16  complaint sought foreclosure of the Property and to recover on certain personal

17  guarantees given by Jon Garnaas and others to secure the mortgage on the Property.

18  On or about August 23, 2012, the Bank foreclosed on the Property, wiping out the

19  Natlands' investment.

20       27.    Defendants' recommendation of the Somerset Investment was not the

21  product of a professional, arms-length analysis of various investment opportunities

22  consistent with what Defendants knew to be the Natlands' investment objectives.

23  Rather, upon information and belief, Defendants' recommendation was based on

24  their long-standing relationships with Jon Garnaas and Garnaas' companies and the

25  desire to garner favor with Defendants' friend, client and handler of McGowen's

26  personal investments.  Had the Natlands been aware of this conflict of interest, of

27  the true risks associated with the Somerset Investment, of the fact that the Natlands

28  were the only cash (equity) investors, or of the loan covenants with the Bank, the

RUS, MILIBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 2211 MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL (949) 752-7100 • FAX (949) 252-1514

1  Natlands would never have committed their retirement savings to the Somerset
2  Investment.

3  **The Ladco Capital Investment**

4      28.    In early 2007, Richard Natland received an inheritance of nearly
5  $900,000. Consistent with the Natlands' conservative investment philosophy, they
6  invested the inheritance in a one-year Certificate of Deposit ("CD").

7      29.    As the Natlands' financial, investment and tax advisors, Defendants
8  were aware of the inheritance and the CD maturity date. As the maturity date
9  approached, McGowen repeatedly urged the Natlands to invest the money with
10  another of Jon Garnaas' businesses, Ladco Capital, Inc. ("Ladco Capital").
11  McGowen assured the Natlands that Ladco Capital was "insulated" from risk, even
12  telling the Natlands that he had invested his own parents' money with Ladco Capital.

13      30.    Ultimately, Defendants convinced the Natlands to invest the inheritance
14  funds in Ladco Capital. Accordingly, on or about March 17, 2008, the Natlands
15  transferred $900,000 in cash to an investment account designated and controlled by
16  Ladco Capital ("Ladco Investment").

17      31.    In fact, an investment in Ladco Capital was far from "insulated" and
18  represented far more risk than was appropriate for the Natlands given their age,
19  retirement objectives and conservative investment philosophy. Nevertheless,
20  anxious to offer up new cash investors to their friend and client, Defendants
21  aggressively pushed Ladco Capital on the Natlands.

22      32.    For their part, the Natlands believed they were receiving sound,
23  unbiased and professional investment advice from Defendants, whom they
24  considered to be their trusted financial, investment and tax advisors. If the Natlands
25  had known the true nature of the risk associated with the Ladco Investment, which
26  Defendants failed to disclose, the Natlands would not have made the investment.
27  Further, had the Natlands known of Defendants' relationships with Garnaas (who
28  / / /

RUS, MILIBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 2211 MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL (949) 752-7100 • FAX (949) 252-1514

1  was President of Ladco Capital) and Defendants' relationships with Garnaas' other
2  businesses, the Natlands would not have participated in the Ladco Investment.

3      33.    Ladco Capital ceased making its required payments to the Natlands in
4  October 2011.  Upon information and belief, many of Ladco Capital's creditors
5  foreclosed on Ladco Capital's assets as a result of Jon Garnaas' bankruptcy in
6  November 2011, leaving the investors – including the Natlands – with a near total
7  loss of their investment.

8  ## FIRST CLAIM FOR RELIEF

9  ### (By All Plaintiffs Against All Defendants For

10  ### Professional Negligence–Accounting Malpractice)

11     34.    All paragraphs set forth above are hereby incorporated by reference as
12  though fully set forth herein.

13     35.    Commencing in or about 1995, and at all times herein mentioned,
14  Defendants agreed to provide accounting advice, investment advice, financial
15  management and tax reporting services to the Natlands in California.

16     36.    At all times herein mentioned, the Natlands relied completely on
17  Defendants to perform these services, as well as McGowen's skills and abilities as
18  an accountant, financial manager and investment advisor.

19     37.    Defendants negligently, carelessly, recklessly, and intentionally
20  rendered services as accountants in the unlawful, wrongful and negligent manner
21  alleged herein.  Defendants thus failed to render the skill required of and commonly
22  exercised by certified public accountants, and violated professional standards which
23  apply to certified public accountants, financial managers and investment advisors.

24     38.    As a direct and proximate result of Defendants' wrongful, negligent and
25  reckless actions, the Natlands have suffered damages in excess of $75,000, subject
26  to proof.

27  ///
28  ///

RUS, MILIBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 2211 MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL (949) 752-7100 • FAX (949) 252-1514

RUS, MILIBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 2211 MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL (949) 752-7100 • FAX (949) 252-1514

## SECOND CLAIM FOR RELIEF

**(By All Plaintiffs Against All Defendants For Breach of Fiduciary Duty)**

39.     All paragraphs set forth above are hereby incorporated by reference as though fully set forth herein.

40.     As the Natlands' accountants, financial managers and investment advisors, Defendants owed the Natlands fiduciary duties including a duty of loyalty, good faith, fair dealing, reasonable care and integrity.

41.     Defendants breached their fiduciary duties to the Natlands by, among other things, failing to give professional, unbiased accounting, financial management, and investment advice properly suited to the Natlands and their investment objectives; failing to disclose the existence of actual and/or potential conflicts of interest; failing to adequately and accurately disclose the risks accompanying the investments recommended to the Natlands; and failing to investigate the availability of other investment opportunities properly suited to the Natlands.

42.     As a direct and proximate result of Defendants' breaches of their fiduciary duties, the Natlands have suffered damages in excess of $75,000, subject to proof.

## THIRD CLAIM FOR RELIEF

**(By All Plaintiffs Against All Defendants For Negligent Misrepresentation)**

43.     All paragraphs set forth above are hereby incorporated by reference as though fully set forth herein.

44.     Defendants made representations to the Natlands about material facts concerning the Somerset Investment and the Ladco Investment, which representations were false.

45.     Defendants made those false representations without reasonable grounds for believing them to be true and without investigating the representations to determine their accuracy.

1    46.    Defendants made those representations with the intent to induce the

2    Natlands to rely upon the representations.

3    47.    The Natlands were unaware of the falsity of those representations and

4    acted in reliance on the truth of the representations, and were justified in relying on

5    Defendants' representations.

6    48.    In engaging in the conduct alleged herein, Defendants made

7    representations and statements of material facts that were false, and omitted material

8    facts necessary to make the statements that Defendants made, in light of the

9    circumstances in which they were made, not misleading in order that the Natlands

10   would be informed of all material facts necessary for evaluating Defendants'

11   investment recommendations.

12   49.    As a direct and proximate result of the misrepresentations alleged, the

13   Natlands suffered damages in excess of $75,000, subject to proof.

14   **FOURTH CLAIM FOR RELIEF**

15   **(By All Plaintiffs Against All Defendants For Fraudulent Concealment)**

16   50.    All paragraphs set forth above are hereby incorporated by reference as

17   though fully set forth herein.

18   51.    Defendants were the Natlands' accountants, financial managers and

19   investments advisors and owed the Natlands fiduciary duties including a duty of

20   loyalty, good faith, fair dealing, reasonable care and integrity.

21   52.    Defendants failed to disclose certain important facts to the Natlands

22   concerning the Somerset Investment and the Ladco Investment recommended by

23   Defendants, including but not limited to: (a) the risks associated with those

24   investments; (b) Defendants' personal and professional relationships with Jon

25   Garnaas and Garnaas' businesses, including the fact that Jon Garnaas and his

26   businesses were Defendants' clients and that Garnaas was a personal friend of

27   McGowen; and (c) that the Natlands' participation in the Somerset Investment

28   would breach the loan covenants between LB Properties and the Bank.

RUS, MILIBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 2211 MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL (949) 752-7100 • FAX (949) 252-1514

53.     The Natlands were not aware of the facts concealed by Defendants.

54.     Defendants intended to deceive the Natlands by concealing those facts.

55.     The Natlands reasonably relied on Defendants' deceptive and misleading statements concerning the Somerset Investment and the Ladco Investment, including Defendants' statements that these investments were "safe," "insulated," and ideally suited for the Natlands.

56.     As a direct and proximate result of Defendants' concealment, the Natlands suffered damages in excess of $75,000, subject to proof.

57.     Defendants' concealment was a substantial factor in causing the Natlands' harm.  The Natlands would not have participated in the Somerset Investment and the Ladco Investment if Defendants had not concealed and failed to disclose, among other material facts: (a) the risks associated with these investments, (b) Defendants' personal and professional relationships with Jon Garnaas and the Ladco companies, and (c) that the Natlands' participation in the Somerset Investment would breach the loan covenants between LB Properties and the Bank.

58.     Defendants' actions were wanton, willful, malicious, oppressive, undertaken with the intent to deceive and justify the awarding of exemplary and punitive damages.

## FIFTH CLAIM FOR RELIEF

### (By All Plaintiffs Against All Defendants For Constructive Fraud)

59.     All paragraphs set forth above are hereby incorporated by reference as though fully set forth herein.

60.     As the Natlands' accountants, financial managers and investment advisors, Defendants owed the Natlands fiduciary duties, including a duty of loyalty, good faith, fair dealing, reasonable care and integrity.

61.     Defendants breached their fiduciary duties to the Natlands by, among other things, failing to give professional, unbiased accounting, financial management, and investment advice properly suited to the Natlands and their

RUS, MILIBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 2211 MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL (949) 752-7100 • FAX (949) 252-1514

investment objectives; failing to disclose and intentionally concealing the existence of actual and/or potential conflicts of interest in connection with the Somerset Investment and the Ladco Investment as a result of Defendants' relationships with Jon Garnaas and Garnaas' businesses; failing to adequately and accurately disclose, and intentionally concealing, the risks accompanying the Somerset Investment and the Ladco Investment; and failing to investigate the availability of other investment opportunities properly suited to the Natlands.

62.     Defendants' reasonably relied upon the accounting, financial and investment advice received from Defendants, including Defendants' recommendations that the Natlands participate in the Somerset Investment and the Ladco Investment.

63.     As a direct and proximate result of Defendants' conduct, the Natlands suffered damages in excess of $75,000, subject to proof.

64.     Defendants' actions were wanton, willful, malicious, oppressive, undertaken with the intent to deceive and justify the awarding of exemplary and punitive damages.

## SIXTH CLAIM FOR RELIEF

### (By All Plaintiffs Against All Defendants For Unfair Competition, Cal. Bus. & Prof. Code §§ 17200, *et seq.*)

65.     California's Unfair Competition law protects persons who have "suffered injury in fact and lost money or property" resulting from any unlawful, unfair, or fraudulent business practice.  Cal. Bus. & Prof. Code § 17204.

66.     Defendants held themselves out to the Natlands as accounting, tax, financial management and investment advisory professionals.  Specifically, Defendants assured the Natlands that the Somerset Investment and the Ladco Investment had been carefully vetted, were ideally suited for the Natlands, and were "safe" and "insulated" from risk.  In fact, the Somerset Investment and the Ladco Investment had been selected for the Natlands in order to benefit other of

RUS, MILIBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 2211 MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL. (949) 752-7100 • FAX (949) 252-1514

Defendants' clients (and a personal friend of McGowen), and were unsuited for the Natlands and their retirement objectives.  Further, Defendants failed to adequately and accurately disclose, and intentionally concealed, the risky and speculative nature of the Somerset Investment and the Ladco Investment, as well as Defendants' relationships with Jon Garnaas that motivated Defendants' recommendations.

67.     Defendants' business practices, as alleged herein, are against public policy.  The harm caused by Defendants' business practices to the Natlands, and to the public at large, outweigh the benefit or utility of Defendants' conduct to all but Defendants themselves.  Defendants' business practices are unfair, unethical, unscrupulous, and fraudulent.

68.     As a direct and proximate result of Defendants' business practices as alleged herein, the Natlands suffered damages in excess of $75,000, subject to proof.

## SEVENTH CLAIM FOR RELIEF

### (By Plaintiff Richard K. Natland Against All Defendants

### For Financial Elder Abuse, Cal. Welf. & Inst. Code §§ 15600, *et seq.*)

69.     All paragraphs set forth above are hereby incorporated by reference as though fully set forth herein.

70.     At all times relevant herein, Plaintiff Richard K. Natland was an "elder" as defined by California Welfare and Institutions Code § 15610.27.

71.     Plaintiffs are informed and believe, and on that basis allege that when Defendants influenced, persuaded and induced Mr. Natland to commit the Natlands' retirement savings to the Somerset Investment and the Ladco Investment, including Mr. Natlands' $900,000 inheritance, Defendants were not acting in the best interests of Mr. Natland, but were advancing their own interests.

72.     As alleged herein, Defendants concealed and failed to disclose to Mr. Natland all pertinent facts necessary for Mr. Natland to make an informed decision concerning whether to participate in the Somerset Investment and the Ladco Investment.  If Defendants had properly disclosed all pertinent facts to Mr. Natland,

RUS, MILIBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 2211 MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL (949) 752-7100 • FAX (949) 252-1514

1 | he would not have participated in the Somerset Investment and the Ladco

2 | Investment.

3 |      73.    As a consequence of Defendants' professional negligence, breach of

4 | fiduciary duties, conflicts of interest, and fraudulent concealment of material facts

5 | relative to the Somerset Investment and the Ladco Investment, Defendants took,

6 | appropriated and retained, or assisted in taking, appropriating and retaining, Mr.

7 | Natland's real and personal property for a wrongful use and with the intent to

8 | defraud.

9 |      74.    As a direct and proximate result of Defendants' wrongful acts and

10 | omissions, Plaintiff Richard K. Natland has suffered damages in excess of $75,000,

11 | subject to proof.

12 |      75.    Defendants are guilty of recklessness, oppression, fraud or malice,

13 | within the meaning of California Welfare and Institutions Code Section 15657 and,

14 | accordingly, Plaintiff Richard K. Natland is entitled to an award of punitive and

15 | exemplary damages, according to proof.

16 |      76.    Pursuant to California Civil Code Section 3345, Plaintiff Richard K.

17 | Natland is entitled to an award for treble damages and penalties because: (a)

18 | Defendants knew or should have known that their conduct was directed toward Mr.

19 | Natland, an elder; (b) Defendants conduct, as alleged herein, caused Mr. Natland to

20 | suffer substantial loss of property set aside for retirement, and of assets essential to

21 | his health and welfare; and (c) as an elder, Mr. Natland is more vulnerable than

22 | other members of the public to Defendants' conduct and he has suffered substantial

23 | economic damages resulting from Defendants' conduct.

24 |      77.    Plaintiff Richard K. Natland has incurred, and will continue to incur

25 | attorneys' fees and other costs to prosecute this action against Defendants.  Pursuant

26 | to California Welfare and Institutions Code Section 15657, Mr. Natland is entitled to

27 | recover his attorneys' fees and costs incurred herein.

28 | / / /

RUS, MILIBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 2211 MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL (949) 752-7100 • FAX (949) 252-1514

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1.    For general and compensatory damages according to proof;

2.    For punitive and exemplary damages according to proof;

3.    For restitution and disgorgement;

4.    For all costs and expenses of suit;

5.    For treble damages as permitted by Civil Code § 3345;

2.    For pre-judgment and post-judgment interest;

6.    For such other relief as the Court deems just and proper.

DATED: March 27, 2013

RUS, MILIBAND & SMITH
A Professional Corporation

By: _____
RONALD RUS
Attorneys for Richard Natland and Karen
Natland, individually and as Trustees of the
Richard & Karen Natland Trust

RUS, MILIBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 2211 MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL (949) 752-7100 • FAX (949) 252-1514

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Josephine Tucker and the assigned discovery Magistrate Judge is Jean P. Rosenbluth.

The case number on all documents filed with the Court should read as follows:

## SACV13- 495 JST (JPRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)     NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

RONALD RUS, #67369
STEPHEN R. COOK, #204446
RUS, MILIBAND & SMITH, APC
2211 Michelson Drive, Suite 700
Irvine, CA 92612
Telephone:  (949) 752-7100
Facsimile:  (949) 252-1514
rrus@rusmiliband.com / scook@rusmiliband.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD K. NATLAND and KAREN F. NATLAND, individually and as Trustees of the RICHARD K. NATLAND AND KAREN F. NATLAND REVOCABLE INTER-VIVOS TRUST U/D/T MARCH 2, 1990,<br><br>PLAINTIFF(S)<br><br>v.<br><br>ROBERT MCGOWEN, an individual, MCGOWEN, HURST, CLARK & SMITH, P.C., an Iowa professional corporation,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**SACV 13 - 00495 JST (JPRx)**<br><br><br>**SUMMONS** |

TO:    DEFENDANT(S):

A lawsuit has been filed against you.

Within   21   days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, RONALD RUS / STEPHEN R. COOK, whose address is 2211 Michelson Drive, Suite 700, Irvine, CA 92612. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Dated:  3/27/2013

Clerk, U.S. District Court

By:    DENISE VO
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

RONALD RUS, #67369
STEPHEN R. COOK, #204446
RUS, MILIBAND & SMITH, APC
2211 Michelson Drive, Suite 700
Irvine, CA 92612
Telephone: (949) 752-7100
Facsimile: (949) 252-1514
rrus@rusmiliband.com / scook@rusmiliband.com

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD K. NATLAND and KAREN F. NATLAND, individually and as Trustees of the RICHARD K. NATLAND AND KAREN F. NATLAND REVOCABLE INTER-VIVOS TRUST U/D/T MARCH 2, 1990,<br><br>PLAINTIFF(S)<br><br>v.<br><br>ROBERT MCGOWEN, an individual; MCGOWEN, HURST, CLARK & SMITH, P.C., an Iowa professional corporation,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**SACV 13 - 00495 JST (JPRx)**<br><br><br><br>**SUMMONS** |

TO:   DEFENDANT(S):

A lawsuit has been filed against you.

Within ___21___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, RONALD RUS / STEPHEN R. COOK, whose address is 2211 Michelson Drive, Suite 700, Irvine, CA 92612. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: 3/27/2013

By: DENISE VO
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3).]*

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) | DEFENDANTS      ( Check box if you are representing yourself ☐ ) |
|---|---|
| Richard K. Natland and Karen F. Natland, individually and as Trustees of the Richard K. Natland and Karen F. Natland Revocable Inter-vivos Trust U/D/T March 2, 1990 | Robert McGowen, an individual, McGowen, Hurst, Clark & Smith, P.C., an Iowa professional corporation |
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Ron Rus, #67369 / Stephen R. Cook, #204446<br>Rus, Miliband & Smith, A Professional Corporation<br>2211 Michelson Drive, Suite 700<br>Irvine, CA 92612<br>Tel: (949) 752-7100 / Fax: (949) 252-1514 | (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☐ 2. U.S. Government Defendant

☐ 3. Federal Question (U.S. Government Not a Party)

☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi- District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:**  ☒ Yes  ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:**  ☐ Yes  ☒ No     ☒ MONEY DEMANDED IN COMPLAINT: $ 75,000.00 +

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 USC 1332(a): Professional Malpractice; Breach of Fiduciary Duty; Negligent Misrepresentation; Fraudulent Concealment; Constructive Fraud; Unfair Competition (Cal. Bus. & Prof. Code § 17200); Financial Elder Abuse (Cal. Welf. & Inst. § 15600)

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☒ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influ- enced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Com- modities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury- Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury- Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities- Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

FOR OFFICE USE ONLY:  Case Number: **SACV 13 - 00495 JST (JPRx)**

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES**: Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES**: Have any cases been previously filed in this court that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE**: (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Iowa |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

**\*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
**Note:** In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _Ronald Rus_     DATE: March 27, 2013

Ronald Rus

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

American LegalNet, Inc.
www.FormsWorkFlow.com