| | |
|---|---|
| BROWN RUDNICK LLP<br>RONALD RUS, #67369<br>rrus@brownrudnick.com<br>LEO J. PRESIADO, #166721<br>lpresiado@brownrudnick.com<br>STEPHEN R. COOK, #204446<br>scook@brownrudnick.com<br>2211 Michelson Drive<br>Seventh Floor<br>Irvine, California 92612<br>Telephone: (949) 752-7100<br>Facsimile: (949) 252-1514<br><br>Attorneys for Plaintiffs RICHARD NATLAND and KAREN NATLAND, individually and as Trustees of the Richard K. Natland and Karen F. Natland Revocable Inter-vivos Trust u/d/t March 2. 1990 | TIMOTHY S. NOON, ESQ. (SBN 166193)<br>JULIANNE MIZER, ESQ. (SBN 153006)<br>NOON & ASSOCIATES, APC<br>501 W. Broadway, Suite 1260<br>San Diego, California 92101<br>Telephone: (619) 235-6200<br>Facsimile: (619) 235-6233<br>tnoon@noonlaw.com<br>jmizer@noonlaw.com<br><br>Attorneys for Defendants ROBERT McGOWEN and McGOWEN HURST CLARK & SMITH, P.C.<br><br>**NOTE CHANGES BY THE COURT.** |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| RICHARD K. NATLAND and KAREN F. NATLAND, individually and as Trustees of the RICHARD K. NATLAND AND KAREN F. NATLAND REVOCABLE INTER-VIVOS U/D/T MARCH 2, 1990,<br><br>    Plaintiffs,<br>vs.<br><br>ROBERT MCGOWEN, an individual, MCGOWEN, HURST, CLARK & SMITH, P.C., an Iowa professional corporation,<br><br>    Defendants. | CASE NO. SACV13-00495 JLS (JPRx)<br><br>[~~PROPOSED~~] **PROTECTIVE ORDER**<br><br>JUDGE: Hon. Josephine L. Staton<br>MAGISTRATE JUDGE: Hon. Jean P. Rosenbluth<br><br>ACTION FILED: March 27, 2013<br>TRIAL DATE: June 10, 2014 |

**IT IS HEREBY ORDERED** pursuant to the stipulation of the parties, Plaintiffs RICHARD K. NATLAND, KAREN F. NATLAND, and RICHARD K. NATLAND AND KAREN F. NATLAND REVOCABLE INTERVIVOS TRUST U/D/T/ MARCH 2, 1990 ("Plaintiffs") and Defendants ROBERT McGOWEN and

1  McGOWEN HURST CLARK & SMITH, P.C. ("Defendants") through their
2  respective counsel, which is on file with this Court, that a Protective Order be issued
3  in this action regarding certain documents and information produced during
4  discovery.  As appropriate, the parties hereto intend to produce documents, respond
5  to written discovery and provide certain testimony which may contain or constitute
6  confidential and private non-public financial information.  The parties desire that the
7  Confidential Material be protected by virtue of designating such material as
8  confidential and restricting its dissemination.

## GOOD CAUSE

10      The parties stipulate that for the purposes of the pending litigation between
11  Plaintiff and Defendant, Case Number SACV 13-000495 JLS (JPRx) (the "Action"),
12  and to facilitate discovery in this case, and specifically to facilitate the discovery of
13  certain trade secrets, confidential information, or sensitive business or technical
14  information, the parties, through their attorneys, request that this Court enter an
15  order containing the terms set forth below (the "Protective Order") regarding the
16  treatment of information disclosed during discovery.
17      The parties stipulate that good cause exists for the entry of a protective order,
18  as disclosure of the Confidential Information (as that term is defined below)
19  impinges on the right to privacy of the parties and could otherwise cause financial
20  and business harm to the parties.  The parties maintain confidential and private
21  documents concerning their financial affairs, and the financial affairs of others.
22  Discovery may involve some or all of such information.  Thus, a protective order
23  that facilitates confidential discovery is warranted in this case.
24      The parties stipulate and this Court hereby orders that the following
25  provisions shall govern in this matter:
26  / / /
27  / / /
28  / / /

## DEFINITIONS

1. As used in this Protective Order,

   a. "Designating Party" means any Person who designates Material as Confidential Material.

   b. "Discovering Counsel" means counsel of record for a Discovering Party.

   c. "Discovering Party" means the Party to whom Material is being Provided by a Producing Party.

   d. "Confidential Material" means any material designated as CONFIDENTIAL, in accordance with the terms of this Protective Order.

   e. "Material" means any document, testimony or information in any form or medium whatsoever, including, without limitation, any written or printed matter, Provided in this action by a Party before or after the date of this Protective Order.

   f. "Party" means the Parties to this action, their attorneys of record and their agents.

   g. "Person" means any individual, corporation, partnership, unincorporated association, governmental agency, or other business or governmental entity whether a Party or not.

   h. "Producing Party" means any Person who Provides Material during the course of this action.

   i. "Provide" means to produce any Material, whether voluntarily or involuntarily, whether pursuant to request or process.

## CONFIDENTIAL DESIGNATION

2. A Producing Party may designate as "CONFIDENTIAL" any Material provided to a Party which contains or discloses any of the following:

   a. Non-public insider information, personnel files, financial information, trade secrets, confidential commercial information, proprietary

information, or other confidential or sensitive information which the Producing Party determines in good faith should be kept confidential; and

3. A Producing Party shall designate as "CONFIDENTIAL" Materials which the Producing Party in good faith believes are entitled to protection pursuant to the standards set forth in Paragraph 2 of this Order. A Producing Party may designate Confidential Material for protection under this order by one of the following methods:

  a. By marking it with the following inscription prior to Providing it to a Party: "CONFIDENTIAL".

  b. In the case of electronic systems or information Provided or made accessible in native format, by informing the Discovering Party in writing that the Confidential Material has been Provided or made accessible subject a designation as "CONFIDENTIAL" under this order.

  c. By identifying with specificity in writing to the Discovering Party any previously Provided Material which was not designated as Confidential Material prior to its having been Provided.  For purposes of this method of designation, it will be a sufficiently specific identification to refer to the bates numbers or deposition page numbers of previously Provided Material.  Where a Producing Party designates previously Provided Material as Confidential Material pursuant to this subparagraph, the Producing Party will follow the procedures set forth in the previous subparagraph for designating Confidential Material, and Provide to the Discovering Party additional copies of the previously Provided Material marked with the inscription described in the previous subparagraph. Upon receipt of the additional copies which comply with the procedures set forth in the previous subparagraph, the Discovering Party will immediately return to the Producing Party the previously Provided Material, or alternatively, will destroy all the previously Provided Material, at the option of the Producing Party. For previously Provided Material which was not designated as Confidential Material at

the time of its being Provided, this Protective Order shall apply to such materials beginning on the date that the Producing Party makes such designation.

All costs associated with the designations of materials as "CONFIDENTIAL" involving, for example, the cost of binding confidential portions of deposition transcripts, shall be initially borne by the Party making the designation with no prejudice regarding the Designating Party's ability to recover its costs upon completion of the litigation.

For good cause and with reasonable notice, any Designating Party may redesignate (or withdraw a designation regarding) any material ("Redesignated Material") that it, he or they have produced; provided, however, that such redesignation shall be effective only as of the date of such redesignation. Such redesignation (or withdrawal) shall be accomplished by notifying counsel for each party in writing of such redesignation (or withdrawal). Upon receipt of any such written redesignation, counsel of record shall not make any further disclosure or communication of such Redesignated Material except as provided for in this Protective Order.

## **RESTRICTION ON USE OF CONFIDENTIAL MATERIAL**

4.     Confidential Material shall not be disclosed, nor shall its contents be disclosed, to any person other than those described in Paragraph 7 of this Protective Order and other than in accordance with the terms, conditions and restrictions of this Protective Order.

5.     Confidential Material Provided by a Producing Party to a Discovering Party shall not be used by the Discovering Party or anyone other than the Producing Party, specifically including the persons identified in Paragraph 7 as appropriate, for any purpose, including, without limitation any personal, business, governmental, commercial, publicity, public-relations, or litigation (administrative or judicial) purpose, other than the prosecution or defense of this action.

/ / /

6.     All Confidential Material shall be kept secure by Discovering Counsel and access to Confidential Material shall be limited to persons authorized pursuant to Paragraph 7 of this Protective Order.

7.     For purposes of the preparation of this action, and subject to the terms, conditions, and restrictions of this Protective Order, Discovering Counsel may disclose Confidential Material or its contents only to the following persons:

   a.     Counsel of record working on this action on behalf of any party and counsel's employees who are directly participating in this action, including counsel's partners, associates, paralegals, assistants, secretaries, and clerical staff.

   b.     In-house counsel and such in-house counsel's employees who are directly participating in this action, including counsel's paralegals, assistants, secretaries, and clerical staff.

   c.     Court and deposition reporters and their staff.

   d.     The Court and any Person employed by the Court, and any trier of fact, whose duties require access to Confidential Material.

   e.     The Special Master / Discovery Referee appointed for these proceedings, and his or her staff.

   f.     Witnesses at depositions or pre-trial proceedings, in accordance with procedures set forth in Paragraphs 11-13.

   g.     Non-party experts and consultants assisting counsel with respect to this action and their secretarial, technical and clerical employees who are actively assisting in the preparation of this action, in accordance with the procedures set forth in Paragraphs 11-13.

   h.     Officers, directors and employees of the Parties hereto who have a need to review Confidential Material to assist in connection with this litigation, subject to the limitations set forth herein;

   i.     Photocopy service personnel who photocopied or assisted in the photocopying or delivering of documents in this litigation;

j. Any Person identified on the face of any such Confidential Material as an author or recipient thereof;

k. Any Person who is determined to have been an author and/or previous recipient of the Confidential Material, but is not identified on the face thereof, provided there is prior testimony of actual authorship or receipt of the Confidential Material by such Person; and

l. Any Person who the Parties agree in writing may receive Confidential Material.

The Parties shall make a good faith effort to limit dissemination of Confidential Material within these categories to Persons who have a reasonable need for access thereto.

## UNDERTAKING TO BE BOUND BY PROTECTIVE ORDER

8. Before Discovering Counsel may disclose Confidential Material to any Person described in subparagraphs 7(g) or 7(h) above, the Person to whom disclosure is to be made shall receive a copy of this Protective Order, shall read Paragraphs 1, 4, 5, 6, 7, and 8 (including the subparagraphs where applicable) of the Protective Order, shall evidence his or her agreement to be bound by the terms, conditions, and restrictions of the Protective Order by signing an undertaking in the form attached hereto as **Exhibit A** (the "Undertaking"), and shall retain the copy of this Protective Order, with a copy of his or her signed Undertaking attached. Discovering Counsel shall keep a copy of the signed Undertaking for each person described in subparagraphs 7(g) or 7(h) to whom Discovering Counsel discloses Confidential Material.

## DEPOSITIONS

9. Those portions of depositions taken by any Party at which any Confidential Material is used or inquired into, may not be conducted in the presence of any Person(s) other than (a) the deposition witness, (b) his or her counsel, and (c)

/ / /

Persons authorized under Paragraph 7 of this Protective Order to view such Confidential Material.

10. Counsel for any deponent may designate testimony or exhibits as Confidential Material by indicating on the record at the deposition that the testimony of the deponent or any exhibits to his or her testimony are to be treated as Confidential Material. Counsel for any Party may designate exhibits in which that Party has a cognizable interest as Confidential Material by indicating on the record at the deposition that such exhibit(s) are to be treated as Confidential Material. Failure of counsel to designate testimony or exhibits as confidential at deposition, however, shall not constitute a waiver of the protected status of the testimony or exhibits. Within thirty (30) calendar days of receipt of the transcript of the deposition, or thirty (30) days of the date on which this Protective Order becomes effective, whichever occurs last, counsel shall be entitled to designate specific testimony or exhibits as Confidential Material. If counsel for the deponent or Party fails to designate the transcript or exhibits as Confidential within the above-described thirty (30) day period, any other Party shall be entitled to treat the transcript or exhibits as non-confidential material. For purposes of this Paragraph 10, this Protective Order shall be deemed "effective" on the date on which it has been executed by all counsel for the Parties.

11. When Material disclosed during a deposition is designated Confidential Material at the time testimony is given, the reporter shall separately transcribe those portions of the testimony so designated, shall mark the face of the transcript in accordance with Paragraph 3 above, and shall maintain that portion of the transcript or exhibits in separate files marked to designate the confidentiality of their contents. The reporter shall not file or lodge with the Court any Confidential Material without obtaining written consent from the Party who designated the Material as Confidential Material. For convenience, if a deposition transcript or exhibit contains repeated references to Confidential Material which cannot conveniently be

/ / /

segregated from non-confidential material, any Party may request that the entire transcript or exhibit be maintained by the reporter as Confidential Material.

## USE OF CONFIDENTIAL MATERIAL IN PLEADINGS AND OTHER COURT PAPERS

12. Any document (including the motion papers themselves) to be submitted to the Court that reveals any Confidential Material shall first be presented to the Court pursuant to a request for filing under seal, in accordance with Local Rule 79-5.1. Any documents the Court orders filed under seal shall be handled in accordance with Local Rules 79-5.2 and 79-5.3, to the extent those rules differ from the provisions of this Protective Order, and shall otherwise continue to be governed by this Protective Order. In the event a request to file under seal is denied by the Court, the documents requested to be filed under seal may be filed with the Court not under seal and otherwise in the normal course. ~~This Paragraph 12 shall not apply to documents submitted to the Special Master / Discovery Referee provided that no public record of any such documents is created or maintained.~~

## OBJECTIONS TO DESIGNATION

13. Neither stipulation by a party to the terms of this Order nor failure of a party, at the time it receives materials designated pursuant to this Order, to challenge or object to the designation shall be deemed a waiver of its right to challenge or object to the designations at any later time. Any party may at any time challenge the designation of any Confidential Material under this Order and may request permission to use or disclose such Confidential Material other than as permitted, pursuant to this Paragraph by serving (which may be by email) a written request upon counsel for the Designating Party at least seven (7) court days before the date of the proposed disclosure and by providing telephonic notice of such request on the same date as the email request. Such request shall specifically identify the Confidential Material, including Bates label if applicable, sought to be disclosed and

the name, title and function of the person to whom the disclosure is desired to be made.  The Designating Party shall thereafter respond to the request in writing within seven (7) court days after receipt of same.  A failure to respond within such time shall constitute consent to the request.  If, where consent has been withheld, the parties are subsequently unable to agree on the terms and conditions of disclosure, the matter may be submitted to the Court for resolution by the party seeking disclosure.  Disclosure shall be postponed until a ruling has been obtained from the Court.

14. Any discovery disputes concerning the designation of materials or disclosure of documents or information under this Protective Order shall be brought in compliance with Local Rule 37 before the ~~Discovery Referee~~ **Magistrate Judge**.

## RETURN OF MATERIAL

15. Within ninety (90) calendar days after the final settlement or termination of this action, Discovering Counsel shall return or destroy (at the option and expense of Discovering Counsel) all Materials provided by a Producing Party and all copies thereof except to the extent that any of the foregoing includes or reflects Discovering Counsel's work product, and except to the extent that such Material has been filed with a court in which proceedings related to this action are being conducted. In addition, with respect to any such retained work product and unless otherwise agreed to, at the conclusion of this action, counsel for each Party shall store in a secure area all work product which embodies Confidential Material together with all of the signed undertakings they are required to preserve pursuant to Paragraph 8 above, and shall not make use of such Material except in connection with any action arising directly out of these actions, or pursuant to a court order for good cause shown. The obligation of this Protective Order shall survive the termination of this action. To the extent that Confidential Materials are or become known to the public through no fault of the Discovering Party, such Confidential Materials shall no longer be subject to the terms of this Protective Order. Upon

request, counsel for each Party shall verify in writing that they have complied with the provisions of this paragraph.

## SCOPE OF THIS ORDER

16. Except for the provisions regarding post-trial or post-settlement return and destruction of Material, or segregation of work product which embodies Confidential Material, this order is strictly a pretrial order; it does not govern the trial in this action.

17. Not later than seven (7) days before trial in the action, Counsel agree to meet and confer concerning the use at trial of Confidential Material.

18. Nothing in this Protective Order shall be deemed to limit, prejudice, or waive any right of any Party or Person (a) to resist or compel discovery with respect to, or to seek to obtain additional or different protection for, Material claimed to be protected work product or privileged under California or federal law, Material as to which the Producing Party claims a legal obligation not to disclose, or Material not required to be provided pursuant to California law; (b) to seek to modify or obtain relief from any aspect of this Protective Order; (c) to object to the use, relevance, or admissibility at trial or otherwise of any Material, whether or not designated in whole or in part as Confidential Material governed by this Protective Order; or (d) otherwise to require that discovery be conducted according to governing laws and rules.

19. Designation of Material as Confidential Material on the face of such Material shall have no effect on the authenticity or admissibility of such Material at trial.

20. This Protective Order shall not preclude any Person from waiving the applicability of this Protective Order with respect to any Confidential Material Provided by that Person or using any Confidential Material Provided by that Person or using any Confidential Material owned by that Person in any manner that Person deems appropriate.

21. This Protective Order shall not affect any contractual, statutory or other legal obligation or the rights of any Party or Person with respect to Confidential Material designated by that Party.

22. The restrictions set out in the Protective Order shall not apply to any Material which:

    a. At the time it is Provided is available to the public;

    b. After it is Provided, becomes available to the public through no act, or failure to act, of the Discovering Party; or

    c. The Discovering Party can show

        i. Was already known to the Discovering Party independently of receipt of the Confidential Material in this or prior litigation; or

        ii. Was received by the Discovering Party, after the time it was designated as Confidential Material hereunder, from a third party having the right to make such disclosure.

23. If at any time any Material protected by this Protective Order is subpoenaed from the Discovering Party by any Court, administrative or legislative body, or is requested by any other Person or entity purporting to have authority to require the production of such material, the Party to whom the subpoena or other request is directed shall immediately give written notice thereof to the Producing Party with respect to Confidential Material sought and shall afford the Producing Party reasonable opportunity to pursue formal objections to such disclosures. If the Producing Party does not prevail on its objections to such disclosure, the Discovering Party may produce the Confidential Material without violating this Protective Order.

## SUBMISSION TO COURT

24. The Parties agree to submit this Protective Order to the Court for adoption as an order of the Court. The Parties reserve the right to seek, upon good cause, modification of this Protective Order by the Court.

## INADVERTENT PRODUCTION

25. Inadvertent production or disclosure of documents or information subject to the attorney-client privilege, work product immunity or any other applicable privilege, or privacy rights shall not constitute a waiver of, nor a prejudice to, any claim that such or related material is privileged or protected by the work product immunity or any other applicable privilege or privacy rights.  A Designating Party may notify the Discovering party in writing that produced documents or information are subject to attorney-client privilege, work product immunity or any other applicable privilege or privacy rights.  All such documents or information, including all copies thereof, shall be returned to the Designating Party within five (5) business days.  No use shall be made of such documents or information during deposition or at trial, nor shall such documents or information be shown to anyone who has not already been given access to them subsequent to the request that they be returned.  The Designating Party shall provide a privilege log identifying such documents or information claimed to be privileged.  The Discovering Party may move the Court for an Order compelling production of any such documents or information.  The motion shall be filed under seal and shall not assert as a ground for production the fact of the inadvertent production, nor shall the motion disclose or otherwise use the content of the inadvertently produced document or information (beyond any information appearing on the above-referenced privilege log) in any way in connection with any such motion.

IT IS SO GRANTED.

Dated:  October 21, 2013

**JEAN ROSENBLUTH**
HONORABLE JEAN P. ROSENBLUTH
UNITED STATES MAGISTRATE JUDGE

## Exhibit A

## NONDISCLOSURE AGREEMENT

I [name], [position of employment], hereby acknowledge that any information provided to me is subject to the terms and conditions of the Protective Order in Case Number SACV13-00495 JLS (JPRx), pending in the United States District Court for the Central District of California.  Having been given a copy of the Protective Order, and having read and understood its contents, I hereby expressly agree to be bound by the terms and provisions thereof.  Further, I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.


DATE: _____        BY:_____